Dear Mayor Henagan:
You have asked this office to advise if the appointed Chief of Police of the City of DeQuincy may at the same time hold part-time employment with the Calcasieu Parish Community Center and Playground District No. 1 of Ward Six (the Recreation District). For the following reasons, more fully explained below, it is the opinion of this office that state law governing dual officeholding and dual employment does not prohibit the concurrent holding of these positions.
The provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., set forth certain prohibited combinations of appointive office, elective office, andemployment as those terms are defined by the dual officeholding provisions. An appointive office is "any office. . .specifically established or specifically authorized by. . .the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials. . .of a political subdivision thereof." See La.R.S. 42:62(2). The office of Chief of Police for the City of DeQuincy is considered to be an appointive office because it is established by the home rule charter governing the City of DeQuincy and appointed by an elected official, the mayor. Article IV Section 4-06 of the charter provides the following:
Section 4-06. Police Department.
A. The head of the police department shall be the Chief of Police who shall be appointed by the mayor, subject to confirmation by the council, in accordance with applicable state law. *Page 2 
B. The Chief of Police shall direct and be responsible for the preservation of public peace and order; prevention of crime; apprehension of criminals; assistance to the courts and other law enforcement officials; control of animals; and the enforcement of the laws of the state and the ordinances of the council.
The Recreation District was created by the Calcasieu Parish Police Jury, under the authority of La.R.S. 33:4562(A), providing "the police jury of any parish in the state is authorized and empowered upon its own initiative to form and create recreation. . .districts. . ."[1] The Recreation District, as "a parish, municipality, and any other unit of local government, including. . .a special district, authorized by law to perform governmental functions. . .", fits the definition of a political subdivision found in the dual employment law. See
La.R.S. 42:62(9). For purposes of the dual officeholding law, therefore, a position of employment with the Recreation District is a "job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee. . .of a political subdivision thereof." See
La.R.S. 42:62(3), defining employment.
Of relevance here is the prohibition of La.R.S. 42:63(E), providing:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
La.R.S. 42:63(E) prohibits the holding of two full-time appointive offices and/or employments, but does not prohibit the simultaneous holding where one position is held on a part-time basis. Here, because the position of employment with the Recreation District is held on a part-time basis, the prohibition of La.R.S. 42:63(E) is inapplicable.
We also point out that the position of appointed Chief of Police in the City of DeQuincy is not subject to civil service rules and restrictions. The provisions of La.R.S. 33:2531, et seq., establish fire and police civil service for those municipalities which have a population of not less than seven thousand and not more than thirteen thousand. According to the 2000 Census, the population of the City of DeQuincy was 3,398. Since the City of DeQuincy has a population of less than seven thousand, its firemen and police officers are not governed by these civil service laws. *Page 3 
It is the opinion of this office that the dual officeholding law does not prohibit the full-time appointed Chief of Police of the City of DeQuincy from holding at the same time part-time employment with the parish Recreation District. Note that our review here is limited to an examination of the dual officeholding laws. Any questions concerning the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq., must be directed to the Louisiana State Board of Ethics for resolution. The mailing address of the Ethics Board is P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] See also Article II, Sections 20-21 through 20-25 of the Calcasieu Parish Code of Ordinances, creating the Recreation District and further providing for its governing body and powers and duties.